UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMORRIS LANE,<br><br>Petitioner,<br><br>v.<br><br>SUPERIOR COURT, COUNTY OF SACRAMENTO, CA,<br><br>Respondent. | No. 2:19-cv-02320 TLN DB P<br><br><br>ORDER |

Petitioner, proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. At the time petitioner filed this petition, petitioner was a civilly committed pretrial detainee housed in county jail. (ECF No. 8 at 3-4.) Petitioner seeks to challenge his 2019 civil commitment. Presently before the court is petitioner's first amended petition for screening. (ECF No. 8.)

**EXHAUSTION REQUIREMENT**

**I.  Legal Standards**

Rule 4 of the Rules Governing § 2254 Cases requires the court to make a preliminary review of each petition for writ of habeas corpus. The court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Otherwise, the Court will order respondent to respond to the petition. Rule 5, Rules Governing § 2254 Cases.

A petitioner who is in state custody and wishes to challenge his conviction by a petition for writ of habeas corpus must have exhausted state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal bases. Duncan, 513 U.S. at 365 (legal basis); Keeney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992) (factual basis).

## II. Petitioner's First Amended Petition

Upon review of the petitioner's first amended petition for writ of habeas corpus (ECF No. 8) and available court records[1], it appears that petitioner has not presented his claim regarding his civil commitment to the highest state court, the California Supreme Court. If he has not presented these claims to the California Supreme Court, the petition must be dismissed without prejudice to its renewal after petitioner has exhausted his claims. If petitioner has presented his claim regarding his civil commitment to the California Supreme Court, petitioner must inform this court that he has exhausted his state court remedies. Without knowing what claims, if any, have been presented to the California Supreme Court, the court is unable to proceed to the merits of the petition. See 28 U.S.C. § 2254(b)(1).

////

////

////

---

[1] Publicly available case records from the California Supreme Court, can be located at https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED as follows:

1. Within thirty (30) days of the date of this order, petitioner must inform the court whether he has presented any federal constitutional claims regarding his civil commitment to the California Supreme Court. If possible, petitioner should provide the court with a copy of the petition filed in the California Supreme Court along with a copy of any ruling made by the California Supreme Court.

2. Plaintiff is warned that failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: June 4, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB:1/Prisoner/Habeas/S/lane2320.osc